**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 25-4360**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TRENT DASHUN STARNES,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, Chief District Judge.  (1:24-cr-00352-CCE-11)

_____

Submitted:  May 21, 2026                                  Decided:  May 26, 2026

_____

Before AGEE and THACKER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

_____

Dismissed in part and affirmed in part by unpublished per curiam opinion.

_____

**ON BRIEF:**  Sophia L. Harvey, LIAO HARVEY PC, Winston-Salem, North Carolina, for Appellant.  Julie Carol Niemeier, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Trent Dashun Starnes pled guilty, pursuant to a written plea agreement, to conspiracy to distribute fentanyl and methamphetamine, in violation of 21 U.S.C. §§ 841(b)(1)(B), 846, and conspiracy to commit money laundering, in violation of 18 U.S.C. §§ 2, 1956(h). The district court varied below Starnes's advisory Sentencing Guidelines range and imposed a sentence of 276 months' imprisonment.

On appeal, Starnes's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Starnes's sentence is reasonable. Although this Court notified Starnes of his right to file a pro se supplemental brief and granted him an extension of time to do so, Starnes has not filed a pro se brief. The Government has moved to dismiss the appeal as barred by Starnes's waiver of the right to appeal included in the plea agreement. In response, Starnes asks that we review the waiver's validity. We dismiss in part and affirm in part.

"We review an appellate waiver de novo to determine its enforceability" and "will enforce the waiver if it is valid and if the issue being appealed falls within its scope." *United States v. Carter*, 87 F.4th 217, 223-24 (4th Cir. 2023) (citation modified). "An appellate waiver is valid if the defendant knowingly and voluntarily agreed to it." *Id.* at 224 (citation modified). To determine whether a waiver is knowing and voluntary, "we look to the totality of the circumstances, including the defendant's experience, conduct, educational background and knowledge of his plea agreement and its terms." *Id.* "When a district court questions a defendant during a Rule 11 hearing regarding an appeal waiver and the record shows that the defendant understood the import of his concessions, we

2

generally will hold that the waiver is valid." *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021). Our review of the record confirms that Starnes knowingly and voluntarily waived his right to appeal his convictions and sentence, with limited exceptions not applicable here.

Starnes's challenge to the reasonableness of his sentence falls squarely within the scope of the valid appeal waiver. In accordance with *Anders*, we have reviewed the entire record in this case, and we have found no meritorious grounds for appeal outside the waiver's scope. We therefore grant the Government's motion to dismiss in part and dismiss the appeal as to all issues covered by the waiver. We otherwise affirm.

This court requires that counsel inform Starnes, in writing, of the right to petition the Supreme Court of the United States for further review. If Starnes requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Starnes. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*

3